```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                          EASTERN DIVISION


PAUL MOERER,                    )
                                )
            Plaintiff,          )
                                )
       v.                       )       No. 4:07CV602(TCM)
                                )
ALAN BLAKE,                     )
                                )
            Defendant.          )
```

**ORDER AND MEMORANDUM**

This matter is before the Court upon the application of Paul Moerer for leave to commence this action without payment of the required filing fee [Doc. #2]. See 28 U.S.C. § 1915(a). Upon consideration of the financial information provided with the application, the Court finds that the applicant is financially unable to pay any portion of the filing fee. Therefore, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).

**28 U.S.C. § 1915(e)**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v.

Williams, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it appears beyond reasonable doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Jackson Sawmill Co. v. United States, 580 F.2d 302, 306 (8th Cir. 1978), cert. denied, 439 U.S. 1070 (1979).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 112 S. Ct. 1728, 1733 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

## The complaint

Plaintiff, a civil detainee involuntarily confined as a "sexually violent predator" pursuant to Missouri Revised Statutes §§ 632.480 - .513, seeks a hearing before this Court in order to renounce his United States citizenship.

## Discussion

The Court notes that this is the third action plaintiff has filed in this Court seeking to renounce his United States citizenship. See Moerer v. Blake, No. 4:06CV1654(TCM) (E.D. Mo.) Moerer v. Blake, No. 4:06CV634(TCM) (E.D. Mo.). The instant

2

action, like the prior actions, should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).  While the Court notes that plaintiff can voluntarily relinquish his United States citizenship, Afroyim v. Rusk, 387 U.S. 253, 268 (1967), the Court can find no requirement that such voluntary relinquishment be made in a federal district court.  See 8 U.S.C. § 1481 (listing acts which, when done with intent, relinquish United States nationality).[1]  Indeed, this Court

---

[1] Title 8 U.S.C. § 1481 provides in pertinent part:

(a) A person who is a national of the United States whether by birth or naturalization, shall lose his nationality by voluntarily performing any of the following acts with the intention of relinquishing United States nationality--

> (1) obtaining naturalization in a foreign state upon his own application or upon an application filed by a duly authorized agent, after having attained the age of eighteen years; or
>
> (2) taking an oath or making an affirmation or other formal declaration of allegiance to a foreign state or a political subdivision thereof, after having attained the age of eighteen years; or
>
> (3) entering, or serving in, the armed forces of a foreign state if (A) such armed forces are engaged in hostilities against the United States, or (B) such persons serve as a commissioned or non-commissioned officer; or
>
> (4)(A) accepting, serving in, or performing the duties of any office, post, or employment under the government of a foreign state or a political subdivision thereof, after attaining the age of eighteen years if he has or acquires the nationality of such foreign state; or

- being a court of limited jurisdiction - can find no authority for conducting or presiding over such a proceeding. Even if such authority existed, no relief can be granted in plaintiff's favor against defendant Blake. Defendant Blake is a only state official,

---

> (B) accepting, serving in, or performing the duties of any office, post, or employment under the government of a foreign state or a political subdivision thereof, after attaining the age of eighteen years for which office, post, or employment an oath, affirmation, or declaration of allegiance is required; or
>
> (5) making a formal renunciation of nationality before a diplomatic or consular officer of the United States in a foreign state, in such form as may be prescribed by the Secretary of State; or
>
> (6) making in the United States a formal written renunciation of nationality in such form as may be prescribed by, and before such officer as may be designated by, the Attorney General, whenever the United States shall be in a state of war and the Attorney General shall approve such renunciation as not contrary to the interests of national defense; or
>
> (7) committing any act of treason against, or attempting by force to overthrow, or bearing arms against, the United States, violating or conspiring to violate any of the provisions of section 2383 of Title 18, or willfully performing any act in violation of section 2385 of Title 18, or violating section 2384 of Title 18 by engaging in a conspiracy to overthrow, put down, or to destroy by force the Government of the United States, or to levy war against them, if and when he is convicted thereof by a court martial or by a court of competent jurisdiction.

not a federal official. As such, defendant Blake has no authority to alter plaintiff's United States citizenship.

Plaintiff states that he "has no access to law books that explain on how to proceed in the renouncing of U.S. citizenship." To the extent that plaintiff is attempting to assert some type of access to the courts claim, plaintiff does not allege how defendant Blake is directly and personally responsible for denying him such access. See Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990)(liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights); see also Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); Glick v. Sargent, 696 F.2d 413, 414-15 (8th Cir. 1983) (per curiam) (respondeat superior theory inapplicable in § 1983 suits).

To the extent that plaintiff believes that renouncing his United States citizenship will result in his early or immediate release from involuntary state confinement as a sexually violent predator, plaintiff is mistaken. In any case, plaintiff's sole federal remedy to achieve a speedier release from confinement is a writ of habeas corpus pursuant to 28 U.S.C. § 2254. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). Because there is no

5

indication that plaintiff is confined in violation of federal law, 28 U.S.C. § 2254(a), and because there is no indication that plaintiff has exhausted his available state remedies, 28 U.S.C. § 2254(b)(1)(A), plaintiff's claim for immediate release must be dismissed.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED.**

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief may be granted or both. See 28 U.S.C. § 1915(e)(2)(B).

An appropriate order shall accompany this order and memorandum.

Dated this 6th day of June, 2007.

_____
UNITED STATES DISTRICT JUDGE